UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                         EVANSVILLE DIVISION

| J.A.W., | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Cause No. 3:18-cv-37-WTL-MPB |
| EVANSVILLE VANDERBURGH SCHOOL CORPORATION, | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss (Dkt. No. 12). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below. The Court also **DENIES** the Defendant's motion for oral argument (Dkt. No. 31), as the relevant issues have been thoroughly briefed by the parties and hearing additional argument from counsel regarding those relatively non-complex issues would not be a good use of the Court's limited resources. Finally, the Court also **DENIES** the Defendant's motion to strike (Dkt. No. 25), as it serves no purpose for statements to be "stricken" from declarations on the ground that they are inadmissible hearsay. In the future, any such evidentiary arguments should be made in the party's responsive or reply brief, not as a separate motion. The Court has considered the arguments made in the motion to strike in the context of resolving the motion to dismiss and has not relied on any inadmissible hearsay in making its ruling.

The Defendant's motion to dismiss is based on the fact that this case has been brought by "J.A.W., a minor child, by his next friend Wyatt Squires." The Defendant argues that Squires is not a proper next friend in this case, and therefore the case must be dismissed for lack of standing. Assuming that Squires could not serve as "next friend" to J.A.W. for purposes of this

litigation,[1] the proper remedy would not be dismissal of the case, as Federal Rule of Civil Procedure 17(a)(3) specifically provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." In this case, J.A.W. may sue on his own, without a next friend, because Indiana law permits a minor to sue in his own name. *See* Fed. R. Civ. P. 17(b)(1) ("Capacity to sue or be sued is determined . . . by the law of the individual's domicile."); Ind. R. Trial P. 17(C)(1) ("An infant or incompetent person may sue or be sued in any action . . . in his own name."); *cf. Tuttle v. Illinois Dept. of Children & Family Servs.*, 7 F.3d 238 (7th Cir. 1993) ("Capacity to sue is determined by reference to the law of the individual's domicile. Fed.R.Civ.P. 17(b). A minor in Illinois cannot bring suit in his own name. . . . Because Tuttle's daughter cannot bring suit in her own name, she can litigate only through someone acting in a representative capacity.").

Inasmuch as J.A.W. already is a party to this suit, the case is being pursued by the real party in interest, and there is no basis to dismiss the suit, regardless of whether Squires is a proper party.

---

[1] The Court notes that the Defendant's argument with regard to whether it is appropriate for Squires to act as J.A.W.'s next friend is based entirely on its reading of *T.W. by Enk v. Brophy*, 124 F.3d 893 (7th Cir. 1997). According to the Defendant, *Brophy* stands for the proposition that only J.A.W.'s "parents/siblings/relatives" may act as J.A.W.'s next friend absent a showing that these "presumed legal representatives ha[ve] interests which may conflict with those of J.A.W." Dkt. No. 24 at 3. There are several reasons why *Brophy* does not compel this result. First and foremost, the entire discussion in *Brophy* regarding the circumstances under which a "special representative" may litigate on behalf of a minor in the place of a "general representative," such as a parent, is dicta, inasmuch as the child plaintiffs in *Brophy* did not have a general representative, 124 F.3d at 896. The discussion regarding whether Enk, who had brought the suit on behalf of the children, was an appropriate representative also was dicta, because the case was dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, thereby mooting the issue of whether the case had been brought by an appropriate next friend.

The Defendant attempts to frame the issue of Squires' appropriateness as a next friend as an issue of standing, citing *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 10 (2004). That argument is wholly without merit. *Newdow* involved a noncustodial parent who brought suit on his own behalf and as next friend of his daughter asserting that his daughter's school's policy with regard to the Pledge of Allegiance was unconstitutional. However, by the time the case reached the Supreme Court, Newdow "no longer claimed to represent his daughter." *Id.* at 10. Rather, the issue before the Supreme Court was whether Newdow had standing to bring suit not as his daughter's next friend, but rather on his own behalf to redress an alleged violation of his own constitutional rights. The holding of that case simply is irrelevant here. Squires does not seek standing to sue independently of J.A.W., and J.A.W.'s unequivocal standing to bring this case on his own behalf means that this Court's jurisdiction over the suit is secure. *Cf. Brophy*, 124 F.3d at 896 ("The question who shall represent the children because of their incapacity to sue on their own is not a separate issue of standing. Even allowing a complete stranger to bring suit in their name as next friend because they cannot sue on their own behalf[2] would not violate Article III.").

While there is no question that the Defendant's motion to dismiss is without merit, the Court also must examine whether a guardian ad litem should be appointed in this case pursuant to Rule 17(c)(2), which provides that the court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." J.A.W. is represented by experienced and suitable counsel in this case, and there is no indication that this case is being pursued for any reason other than J.A.W.'s desire to pursue it.

---

[2]Of course, in light of Indiana law, J.A.W. does have the capacity to sue on his own behalf.

Accordingly, the Court does not find it necessary to appoint a guardian ad litem to protect J.A.W.'s interests in this case at this time.

**The Clerk is directed to modify the docket to indicate that J.A.W. is the Plaintiff in this case.** Because it is unnecessary for J.A.W. to have a next friend in order to pursue this case, Wyatt Squires will no longer be acting as J.A.W.'s next friend. The parties shall modify the caption accordingly in future filings.

This cause is set for a preliminary injunction hearing on **Friday, July 20, 2018**, **at 8:30 a.m. in Room 301, 101 Northwest MLK Jr. Blvd., Evansville, Indiana 47708**. The Court has set aside one day for the hearing. The parties shall file a list of exhibits they intend to offer and witnesses they intend to call at the hearing by no later than **July 6, 2018**. Any objections to the other party's exhibits or witnesses shall be filed by no later than **July 13, 2018**.

SO ORDERED: 6/5/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification