# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| J.A.W., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:18-cv-37-WTL-MPB |
| | ) |
| EVANSVILLE VANDERBURGH | ) |
| SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ENTRY FOR JULY 19, 2018

This cause is before the Court on two motions.

First, the Defendant's motion to file a surreply in opposition to the motion for preliminary injunction (Dkt. No. 56) is **GRANTED**.  **The Clerk is directed to file the Defendant's surreply, which is found at Dkt. No. 56-1.**

Second, the Plaintiff's motion for leave to file a response to the Defendant's objections to his exhibits (Dkt. No. 55) is **GRANTED**.  **The Clerk is directed to file the Plaintiff's response, which is found at Dkt. No. 55-1.**

With regard to the Defendant's objections to the exhibits the Plaintiff intends to offer at the preliminary injunction hearing, the Court will consider the Defendant's relevancy arguments as it determines what, if any, weight to give each of the exhibits in making its ruling.  In other words, the relevancy of the information contained in the exhibits is best determined in the context of the evidence as a whole.  Therefore the Court will not exclude the exhibits on relevancy grounds.

The Defendant also argues that the proffered expert declarations fail to satisfy *Daubert* and Federal Rule of Evidence 702 because the experts have not examined the Plaintiff and they

do not "attempt to evaluate Plaintiff for gender dysphoria or to opine as to his healthcare or treatment for such a condition." Dkt. No. 49 at 6. But expert testimony need only "help the trier of fact to understand the evidence or to determine a fact in issue," Rule 702(a), and that can include providing background information about an area with which a layperson might not be familiar. In that sense, the information to which the Defendant objects is analogous to that which was approved of in *United States v. Winbush*, 580 F.3d 503, 510 (7th Cir. 2009), in which a witness's testimony was offered "to explain the practices and methods of drug trafficking, including the tools that drug dealers often use and the quantity, purity, and street value of illegal drugs typically possessed for distribution rather than individual use." The Seventh Circuit has consistently held that such testimony is helpful to a jury in a drug trafficking case because "it is still a reasonable assumption that jurors are not well versed in the behavior of drug dealers." *Id.* at 511 (citations and internal quotation marks omitted). Even though "not every piece of [the expert's] testimony applied directly to this case . . . [the expert's] comments were general in nature, and he expressly stated during both direct and cross-examination that he knew nothing about [the particular] case." *Id.* Thus, the fact that the expert declarations in this case contain general information regarding gender dysphoria and gender transition, rather than information specific to the Plaintiff, does not make them inadmissible.

Finally, to the extent that the Defendant objects to the exhibits solely on hearsay grounds, preliminary injunction is an abbreviated proceeding in which declarations are admissible. *See, e.g.*, *Goodman v. Illinois Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 439 (7th Cir. 2005) (quoting *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997)) ("'Affidavits are ordinarily inadmissible at trials but they are fully admissible in summary proceedings,

including preliminary-injunction proceedings.'"). The declarations are thus not inadmissible solely because they are, by definition, hearsay.

That said, the Court agrees with the Defendant that pleadings are not evidence, although they might nonetheless be properly considered by the Court (if, for example, the Defendant admitted a fact in its answer). The Court also **sustains** the Defendant's hearsay objection to the newspaper article listed by the Plaintiff on its exhibit list if it will be offered for the truth of the facts contained within it. Unlike the declarations, the article does not contain statements made under oath and therefore does not contain sufficient indicia of reliability even for a preliminary injunction proceeding.

With regard to the Plaintiff's objections to the Defendant's exhibit list (Dkt. No. 48), the objection that the list contains some improper catch-all categories instead of listing specific exhibits would be well-taken on the eve of trial. However, the Court believes that the somewhat relaxed rules that permit declarations in place of live testimony also permit some leeway in identifying exhibits. Accordingly, the Court overrules the Plaintiff's objection on that ground.

SO ORDERED: 7/19/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification